**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

PHOENIX PETROLEUM LLC,

    Plaintiff,

v.                                                          Case No: 5:14-cv-548-Oc-30PRL

DIAMOND OIL, LLC, et al.,

    Defendants.
_____/

# ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss and, in the Alternative, Strike Complaint (Doc. 5). Plaintiff did not file a response in opposition. Therefore, on December 1, 2014, the Court issued an order to show cause directing Plaintiff to respond to Defendants' motion to dismiss within fourteen days. (Doc. 6). Plaintiff filed no response to either the motion to dismiss or the order to show cause. The Court, having reviewed the motion and being otherwise fully advised in the premises, concludes that the motion should be granted in part and denied in part.

## BACKGROUND

On October 14, 2014, Plaintiff initiated this action alleging six claims against Defendants, including (1) breach of contract (Count I), (2) open account (Count II), (3) quantum meruit (Count III), (4) unjust enrichment (Count IV), (5) conversion (Count V), and (6) attorney's fees (Count VI). (Doc. 1). Plaintiff's claims arise out of a May 2006

agreement between Plaintiff and Defendants for the sale of petroleum products. (*Id.* at 2). Plaintiff alleges that Defendant Bharat Patel executed a personal guarantee of the obligations of the agreements. (*Id.*). According to Plaintiff, Plaintiff provided petroleum products to Defendants until October 3, 2014, but Defendants now owe Plaintiff $614,239.22 for petroleum products and $9,213.59 in interest as of the date of the complaint, which continues to accrue at a rate of 1.5% per month. (*Id.* at 2-3). Plaintiff contends that it demanded payment from Defendants on October 7, 2014, but Defendants did not respond. (*Id.* at 3).

## DISCUSSION

### A. Motion to Dismiss

#### I. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. In considering a motion to dismiss under Rule 12(b)(6), a court must accept the factual allegations of the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Conclusory allegations, unwarranted factual deductions, or legal conclusions masquerading as facts, however, are not entitled to the assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

#### II. Analysis

Defendants allege that Plaintiff's complaint is deficient because it fails to provide a sufficient factual basis to support the claims it asserts. (Doc. 5 at 2). Accordingly,

Defendants seek dismissal of all six counts. Alternatively, Defendants take issue with paragraphs 13 and 31 of Plaintiff's complaint, in which Plaintiff alleges that Defendants "displayed deceitful misconduct and a manifest disregard for the law" and have been "stubbornly litigious" by "refusing to pay the monies owed." (*Id.* at 9-10). Defendants argue that these allegations are "nonsensical," have no relationship to Plaintiff's claims, and serve only to confuse the issues or prejudice a party. (*Id.*). As such, in the event Plaintiff's claims survive the motion to dismiss, Defendants request that these allegations be stricken.

**1. Breach of Contract**

Defendants contend that Plaintiff has failed to state a claim for breach of contract. (*Id.* at 4-5). To maintain a breach of contract claim under Florida law, Plaintiff must allege (1) the existence of a contract; (2) a breach of the contract; and (3) damages resulting from the breach. *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d DCA 2006). While Plaintiff's claim for breach of contract is not a model of specificity, Plaintiff has alleged sufficient facts to state a claim for breach of contract. First, Plaintiff alleged that it entered into a contract with Defendants for the sale of petroleum products. Second, Plaintiff alleged that it provided petroleum products to Defendants and that Defendants did not pay for the petroleum products.[1] Third, as a result, Plaintiff asserts that Defendants owe

---

[1] Defendants contend that that Plaintiff's allegations are insufficient to establish breach of contract because Plaintiff did not state in the complaint that the petroleum products were provided pursuant to the contract. (Doc. 5 at 5). However, it can easily be inferred from the complaint that such was the case.

3

Plaintiff damages in the amount of $614,239.22 for petroleum products and $9,213.59 in interest as of the date of the complaint.

Accordingly, Defendants' motion to dismiss should be denied with respect to Plaintiff's breach of contract claim.

## 2. Open Account

Next, Defendants argue that Plaintiff has failed to state a cause of action under the theory of open account. (Doc. 5 at 5-6). "An action to recover on an open account is essentially an action to collect on a debt created by a series of credit transactions. One party to the account agrees to sell goods or services on credit and the other assumes the obligation to make payment." *Hawkins v. Barnes*, 661 So. 2d 1271, 1273 (Fla. 5th DCA 1995) (citations omitted). To establish a claim of open account, Plaintiff must allege (1) the existence of a sales contract between the Plaintiff (the creditor) and Defendants (the debtors), (2) the amount claimed by Plaintiff represents either the agreed on sales price or the reasonable value of the goods delivered, and (3) the goods were actually delivered to Defendants. *Evans v. Delro Indus., Inc.*, 509 So. 2d 1262, 1263 (Fla. 1st DCA 1987).

Defendants argue that Plaintiff's claim for open account fails because Plaintiff failed to allege that the amount claimed represents either the agreed upon sales price or the reasonable value of the goods delivered. (Doc. 5 at 6). However, attached to Plaintiff's complaint is a statement reflecting Defendants' unpaid invoices and account balance. (Doc. 1, Ex. 1). In *Contractors Unlimited, Inc. v. Nortrax Equipment Co. Southeast*, 833 So. 2d 286, 287-88 (Fla. 5th DCA 2002), the Florida Fifth District Court of Appeal held

that an application for credit and account statement that reflected unpaid invoices and the account balance was sufficient to support a cause of action for open account.

Because Plaintiff attached such a statement to its complaint, its claim for open account is sufficiently plead and Defendants' motion to dismiss should be denied with respect to Plaintiff's open account claim.

### 3. Quantum Meruit

Third, Defendants argue that Plaintiff has failed to allege a claim of quantum meruit. (Doc. 5 at 6-7). To establish a claim for quantum meruit, Plaintiff must establish that it provided and Defendants assented to and received a benefit in the form of goods or services under circumstances where in the ordinary course of events a reasonable person receiving such a benefit normally would be expected to pay for it. *See Babineau v. Fed. Express Corp.*, 576 F.3d 1183, 1194 (11th Cir. 2009) (quoting *W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc.*, 728 So. 2d 297, 305 (Fla. 1st DCA 1999)). According to Defendants, Plaintiff has not sufficiently plead circumstances where in the normal course of events a reasonable person receiving such a benefit normally would be expected to pay for it. (Doc. 5 at 7). Defendants state that Plaintiff's allegations fail to establish that Defendants received anything of value from Plaintiff because although Plaintiff alleged that it supplied petroleum products it does not state to whom such products were provided. (*Id.*). However, Plaintiff alleges that it provided petroleum products, and it can be inferred from the complaint that such products were provided to Defendants. Moreover, in the event Defendants received petroleum products from Plaintiff, it can be inferred that in the

5

normal course of events a reasonable person receiving these products would be expected to pay for them.

Accordingly, Defendants' motion to dismiss with respect to Plaintiff's claim for quantum meruit should be denied.

### 4. Unjust Enrichment

Fourth, Defendants assert that Plaintiff has not sufficiently plead a claim of unjust enrichment. (Doc. 5 at 7-8). To state a claim for unjust enrichment, Plaintiff must establish that (1) it conferred a benefit upon Defendants, (2) Defendants appreciated such benefit, and (3) Defendants accepted and retained such benefit under circumstances that it would be inequitable for them to retain the benefit without paying the value thereof. *See Henry M. Butler, Inc. v. Trizec Props., Inc.*, 524 So. 2d 710, 712 (Fla. 2d DCA 1988). Defendants assert the same complaints against Plaintiff's claim of unjust enrichment as they did against Plaintiff's claim of quantum meruit. (Doc. 5 at 7). Namely, Defendants assert that Plaintiff has not alleged sufficient facts from which it can be inferred that Defendants received a benefit from Plaintiff. (*Id.*). Although Plaintiff's complaint is lacking in detail, it can be inferred from the complaint that the petroleum products Plaintiff alleges to have provided were provided to Defendants. Plaintiff also alleges that Defendants would be unjustly enriched if they retained the benefit of the petroleum products. (Doc. 1 at 5).

Accordingly, Defendants' motion to dismiss with respect to Plaintiff's claim for unjust enrichment should be denied.

## 5. Conversion

Fifth, Defendants argue that Plaintiff has failed to state a claim for conversion. (Doc. 5 at 8). Conversion is an "unauthorized act which deprives another of his [or her] property permanently or for an indefinite period of time." *Fogade v. ENB Revocable Trust*, 263 F.3d 1274, 1291 (11th Cir. 2001). To state a claim for conversion, Plaintiff must establish (1) ownership of the property at issue, and (2) that the Defendants wrongfully asserted dominion over that property. *Edwards v. Landsman*, 51 So. 3d 1208, 1213 (Fla. 4th DCA 2011). Here, Plaintiff has alleged sufficient facts establishing its ownership of the petroleum products, but it has not established that Defendants wrongfully asserted dominion over the property. Thus, Plaintiff has failed to establish a claim for conversion against Defendants and this claim should be dismissed.

## 6. Attorney's Fees[2]

Finally, Defendants contend that Plaintiff has not plead a basis for attorney's fees. (Doc. 5 at 8-9). Generally, pursuant to Florida law, each party is responsible for its own attorney's fees and costs unless otherwise specified by statute or by an agreement between the parties. *See Kovak Sec., Inc. v. Bailey*, 933 So. 2d 1202, 1202 (Fla. 4th DCA 2006). Plaintiff has not alleged an entitlement to attorney's fees pursuant to any Florida statute or contractual provision between the parties. Accordingly, Plaintiff's demand for attorney's fees should be dismissed.

---

[2] A demand for attorney's fees is not a separate cause of action. However, since Plaintiff's demand for attorney's fees was plead as its own cause of action the Court has treated it separately but notes that it is not a cause of action in-and-of itself.

**B. Motion to Strike**

In the event Plaintiff's complaint was not dismissed, Defendants requested that the Court strike paragraphs 13 and 31 of the complaint because those allegations bear no relationship to the claims in the complaint, are "nonsensical," and serve only to confuse the issues. (Doc. 5 at 9-10).

Pursuant to Federal Rule of Civil Procedure 12(f), a party may move to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." But striking an allegation from a pleading is an extreme measure and will rarely be granted. *See Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) ("A motion to strike is a drastic remedy . . . which is disfavored by the courts." (citations and internal quotation marks omitted)). Generally, a motion to strike will "be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Seibel v. Soc'y Lease, Inc.*, 969 F. Supp. 713, 715 (M.D. Fla. 1997). Moreover, "[m]otions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored, often being considered 'time wasters', [sic] and will usually be denied unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Italiano v. Jones Chems., Inc.*, 908 F. Supp. 904, 907 (M.D. Fla. 1995).

While the Court concludes that the allegations contained in paragraphs 13 and 31 of Plaintiff's complaint are conclusory and possibly irrelevant, the Court is not persuaded that the claims are overly prejudicial to Defendants. Accordingly, Defendants' request to strike these paragraphs from Plaintiff's complaint should be denied.

## **CONCLUSION**

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Defendants' Motion to Dismiss and, in the Alternative, Strike Complaint (Doc. 5) is GRANTED in part and DENIED in part as described herein.

2. Counts V and VI of Plaintiff's complaint are DISMISSED without prejudice.

3. Within fourteen (14) days of the date of this Order, Plaintiff may file an amended complaint correcting the deficiencies noted herein as to Counts V and VI.

**DONE** and **ORDERED** in Tampa, Florida, on this 16th day of January, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\OCALA\14-548 Phoenix Petro. LLC v. Diamond Oil, LLC et al. MTD.docx